CLERK'S COPY

FILED

U.S. DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 11 1999

CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KAWAMA WHITE,

      Plaintiff,

v.

      No. CIV-99-0157 JP/RLP

LIEUTENANT FULLER
(WACKENHUT CORRECTIONS CORP.),

      Defendant.

### MEMORANDUM OPINION AND ORDER

      This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

      The complaint alleges that, in the presence of other officers, Defendant uttered racial slurs



at Plaintiff and threatened to cause him bodily harm. Plaintiff claims Defendant's actions violated Plaintiff's protection against racial discrimination under 42 U.S.C. § 1983 and against excessive force under the Eighth Amendment. The complaint seeks damages.

Under some circumstances, the failure to protect an inmate from a threat of violence may state a claim under the Eighth Amendment. *Northington*, 973 F.2d at 1524 (failure to protect inmate from fellow prisoners may rise to the level of Eighth Amendment violation). The general rule in the usual case, however, is that mere words, without more, do not invade a federally protected right. *Williams v. Levansailor*, 153 F.3d 730, 1998 WL 426865 (10th Cir. 1998) (unpublished table decision) (racial slurs without more not actionable); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (idle threats of violence do not rise to the level of Eighth Amendment violation). Plaintiff's allegations against Defendant Fuller do not support a claim under § 1983.

IT IS THEREFORE ORDERED that Plaintiff's claims are DISMISSED with prejudice; an order of dismissal shall be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

2